MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
TIMOTHY J. GESWEIN, ESQ.
Nevada Bar No. 10049
KRAVITZ, SCHNITZER, SLOANE
& JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
(702) 362-6666
(702) 362-2203 (Facsimile)
Attorneys for Creditor
Alcor Life Extension Foundation, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>LARRY DEAN JOHNSON<br><br>Debtor. | In proceedings under Chapter 7<br><br>**BK-S-11-17069-bam** |
| ALCOR LIFE EXTENSION FOUNDATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>LARRY DEAN JOHNSON<br><br>Defendant. | Adversary Proceeding No. |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

Creditor Alcor Life Extension Foundation, Inc. ("Alcor"), the holder of an unsecured claim against Debtor Larry Dean Johnson, brings this action to determine the non-dischargeability of judgments granting Alcor monetary relief, injunctive relief, and contempt penalties against Johnson.

///

## I. Jurisdiction and Venue

1. The Court has jurisdiction to hear this matter pursuant to 11 USC §523. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 USC §157(b)(2)(I).

2. Venue is proper in this district pursuant to 28 USC §1409(a).

## II. The Parties

3. Alcor Life Extension Foundation, Inc. ("Alcor") is a California corporation with its principle place of business in Arizona.

4. Debtor Larry Dean Johnson ("Johnson") is a resident of Clark County, Nevada.

5. From January 2003 through August 2003, Johnson was Director of Clinical Services and then Chief Operating Officer of Alcor.

6. Johnson voluntarily resigned from Alcor.

7. At the time of his resignation, Johnson had audiotapes, photographs, documents, and other materials in his possession or control regarding Alcor's business.

8. Johnson's possession of the materials violated duties owed by Johnson to Alcor.

9. Johnson made public statements via media interviews and website postings that violated duties owed by Johnson to Alcor

10. Alcor sued Johnson in an Arizona court of competent jurisdiction regarding Johnson's breaches of his duties and received judgments against Johnson.

11. The Arizona judgments were domesticated in Nevada pursuant to NRS 17.330 *et seq.* (Nevada's version of the Uniform Enforcement of Judgments Act).

## III. General Allegations

12. Johnson filed a voluntary Chapter 7 bankruptcy petition in May 2011.

13. Alcor is the holder of a July 2009 judgment issued in Arizona by a court of competent

jurisdiction (the "July 2009 Judgment).

14. The July 2009 Judgment was domesticated in Nevada

15. The July 2009 Judgment included monetary relief and injunctive relief requiring Johnson to return materials to Alcor and to not engage in promotion of a book authored by Johnson or promote a website operated by Johnson.

16. Alcor is the holder of a May 2010 judgment issued in Arizona by a court of competent jurisdiction (the "May 2010 Judgment") that renewed the earlier injunction in the July 2009 Judgment and imposed contempt and monetary sanctions against Johnson.

17. The May 2010 Judgment was domesticated in Nevada.

18. Johnson satisfied the monetary portion of the July 2009 Judgment but did not fully satisfy the injunctive relief.

19. Johnson has satisfied no portion of the May 2010 Judgment.

## IV. First Claim for Relief: Non-dischargeability of the July 2009 Judgment

20. Alcor repeats its prior allegations.

21. The July 2009 Judgment contains monetary and injunctive relief in Alcor's favor against Johnson.

22. Johnson satisfied the monetary portion of the July 2009 Judgment.

23. Johnson has not satisfied the injunctive relief in the July 2009 Judgment.

24. Injunctive relief is non-dischargeable in a bankruptcy because it relates to the debtor's conduct.

25. The July 2009 Judgment should not be discharged because it relates to Johnson's conduct.

///

## V. Second Claim for Relief: Non-dischargeability of the May 2010 Judgment

26. Alcor repeats its prior allegations.

27. The May 2010 Judgment was a continuing enforcement of the Arizona Court's injunction regarding Johnson's conduct.

28. The May 2010 Judgment contains contempt penalties and renews the injunctive relief contained in the July 2009 Judgment.

29. The monetary criminal contempt penalties in the May 2010 Judgment were for $34,107.47 plus $100 per day that Johnson did not comply with the injunctive relief.

30. As of June 17, 2011, it has been 385 days since the Arizona Court issued its May 2010 Judgment on May 28, 2010.

31. Therefore, the total liquidated criminal contempt penalties against Johnson as of June 17, 2011 is $72,607.47 (calculated as $34,107.47 + (385 days)x($100 per day)).

32. Contempt penalties are non-dischargeable in a bankruptcy because it relates to the dignity of the issuing court

33. Injunctive relief is non-dischargeable in a bankruptcy because it relates to the debtor's conduct.

34. Johnson could comply with the injunctive relief and end the continuing contempt penalties against him.

35. Johnson willfully and maliciously injured Alcor by not returning Alcor property and by engaging in promotion of a book authored by Johnson and promotion of a website operated by Johnson.

36. The May 2010 Judgment should not be discharged because it relates to the dignity of the Arizona and Nevada courts.

37. The May 2010 Judgment should not be discharged because it relates to Johnson's conduct.

WHEREFORE, Plaintiff Alcor Life Extension Foundation prays for judgment against Defendant Larry Dean Johnson as:

1. that the July 2009 Judgment issued by an Arizona court of competent jurisdiction and domesticated in Nevada be exempt from discharge;

2. that the May 2010 Judgment issued by an Arizona court of competent jurisdiction and domesticated in Nevada be exempt from discharge;

3. that liquidated contempt penalties damages incurred by Plaintiff in the amount of $72,607.47 as of June 17, 2011 plus continuing contempt penalties plus interest at the legal rate from the date of the judgment until paid be exempt from discharge;

4. for attorney's fees and costs;

5. for such further relief as this Court deems just and proper.

DATED: June 29, 2011.

KRAVITZ, SCHNITZER, SLOANE,
& JOHNSON, CHTD.

/s/ Timothy J. Geswein
MARTIN J. KRAVITZ, Nevada Bar No. 83
TIMOTHY J. GESWEIN, Nevada Bar No. 10049
Attorneys for Creditor
ALCOR LIFE EXTENSION FOUNDATION, INC.

O:\mjk\DATA\Alcor v. Johnson\Bankruptcy\Adversary Proceeding RE dischargability\Complaint RE Dischargability.wpd